UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD FOSKEY,

                                        Plaintiff,

                -against-

THE CORPORATE STATE OF NEW YORK,
KATHY HOCHUL, as an individual and as Governor
of the Corporate State of New York; COUNTY OF
NASSAU, BRUCE BLAKEMAN, as an individual and as
Nassau County Executive Director; MAUREEN O'CONNELL,
as an individual and as Nassau County Clerk; NASSAU
COUNTY TRAFFIC & PARKING VIOLATIONS AGENCY,
PAUL L. MELI, as an individual and as Nassau County
Traffic & Parking Violations Agency Executive Director, Nassau
County Red Light Division;

                                        Defendants.
------------------------------------------------------------------------X

**ORDER**
22-CV-2546(GRB)(ARL)

FILED
CLERK
1:33 pm, Aug 10, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

      Before the Court is the renewed application to proceed *in forma pauperis* filed by *pro se* plaintiff Edward Foskey ("Plaintiff") in support of his complaint against the Corporate State of New York ("NY State"), Governor Kathy Hochul ("Gov. Hochul"), the County of Nassau ("Nassau County"), Nassau County Executive Bruce Blakeman ("Blakeman"), Nassau County Clerk Maureen O'Connell ("O'Connell"), the Nassau County Traffic & Parking Violations Agency ("NCTPVA") and its Executive Director, Paul L. Meli ("Meli" and collectively, "Defendants"). *See* Docket Entry "DE" 1, 6.

      Upon review, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's renewed application to proceed IFP (DE 6) is granted. However, for the reasons that follow, Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241, 242, and 1341 are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). Plaintiff's remaining claims against are dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B).

## BACKGROUND

**1. Summary of the Complaint**

*Pro se* Plaintiff commenced this action by filing a complaint against the Defendants seeking to challenge his receipt of red light camera tickets on June 3, 2020 and July 7, 2020 within Nassau County. *See* Compl., DE 1 *generally*. Plaintiff alleges that the purpose of the tickets is "to extort $174.00 and other fees from plaintiff to generate revenue for their corrupt, unethical, and unconstitutional business." *Id.* at 2, ¶ 2. According to the complaint, Plaintiff received "se[ve]ral notices in the mail from Nassau County, NY Red Light Camera Division[,] to appear at [the] Nassau County Traffic & Parking Violations Agency, and when the plaintiff did not show up for the extortion attempt, the defendant's [sic] started harassing and threatening the plaintiff through the United States Postal Service." *Id.* at 3, ¶ 5. Plaintiff complains that the notices "threaten[ed] to suspend the plaintiff['s] driving privileges, seize[] his assets, garnish his wages, levy his bank account, and immobilize[] his automobile. *Id.* Further, Plaintiff alleges that "[t]he defendants conspired to oppress, threaten, and intimidate the plaintiff." *Id.* at 4, ¶ 7(A).

As a result, Plaintiff purports to allege claims against all of the Defendants[1] pursuant to 18 U.S.C. §§ 241, 242, 1341, 1918, 1961, and 42 U.S.C. § 1983. *Id.* ¶¶ 4, 7-9, 25. Plaintiff also alleges that the Defendants have violated New York Penal Law § 195.00. *Id.* ¶ 22. Plaintiff seeks to recover a damages award "in the sum of $1,000,000.00 for official misconduct, violation

---

[1] Notably, apart from the caption and the identification of parties sections of the complaint, the only reference to any particular defendant is set forth in paragraph 23(A)-(B) wherein Plaintiff alleges that Gov. Hochul, Blakeman, Meli, and O'Connell hold supervisory positions within New York State and Nassau County, respectively, and, as such are aware of and responsible for the alleged unlawful practices. *See* Compl. DE 1 *in toto* and at 7, ¶ 23.

of oath of public office, infringing on the plaintiff freedom of movement, racketeering, extortion, harassment, malicious conduct, misrepresentation, abuse of authority, Constitutional Protected Rights violation, defamation of character, diminished quality of life violation, conspiracy, fraud, punitive damages for their outrageous cruel conduct, mental anguish, such as anxiety, insomnia, depression, nervousness, fearfulness, and for sch other relief as this Court may deem proper." *Id*. ¶ 27.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

1. *In Forma Pauperis*

Upon review of the renewed IFP application (DE 6), the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

2. **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*,

3

618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

It appears that Plaintiff seeks to invoke this Court federal question subject matter jurisdiction by claiming the Defendants have violated various federal statutes. The Court addresses these claims below.

**I.** **There is No Private Right of Action Under the Criminal Statutes: 18 U.S.C. §§ 241, 242, 1341, and 1918[2]**

---

[2] Similarly, to the extent that Plaintiff seeks to recover damages for "official misconduct" pursuant to N.Y. Penal Law § 195 (Compl. DE 1 at ¶ 22), "[a]s a private citizen []he lacks standing to bring criminal charges under New York Penal law § 195.00 or any other criminal statute in federal court." *Beckman v. Aetna Health Ins.*, No. 20-CV-3635(RRM)(AKT), 2021 WL 101112, at *2 (E.D.N.Y. Jan. 11, 2021).

4

Insofar as Plaintiff seeks to invoke this Court's federal question subject matter jurisdiction by relying upon Sections 241, 242, 1341, and 1918 of Title 18 of the United States Code, such reliance is misplaced. "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). Thus, private citizens, such as Plaintiff, lack standing to bring criminal charges or to otherwise initiate federal criminal proceedings. *See, e.g.*, *El Bey v. Dogdig*, No. 22-CV-0091 (LTS), 2022 WL 784035, at *2 (S.D.N.Y. Mar. 15, 2022), *motion for relief from judgment denied*, No. 1:22-CV-0091 (LTS), 2022 WL 2015524 (S.D.N.Y. June 2, 2022), and *motion for relief from judgment denied*, No. 1:22-CV-0091 (LTS), 2022 WL 2442433 (S.D.N.Y. July 1, 2022) ("Plaintiff cannot initiate the arrest and prosecution of an individual or other entity in this court because 'the decision to prosecute is solely within the discretion of the prosecutor.'" (quoting *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981)).

Indeed, none of these criminal statutes provide a private cause of action. *See, e.g.*, *Walker v. Wuchte*, No. 22-CV-1532(HG)(AYS), 2022 WL 2161180, at *2 (E.D.N.Y. June 15, 2022) (dismissing *pro se* plaintiff's claims brought pursuant to 18 U.S.C. §§ 241-242 as frivolous because there is no private cause of action) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *also citing Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241-242 . . . are not cognizable, as federal criminal statutes do not provide private causes of action."); *Lodrini v. Sebelius*, No. 14-CV-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (same); *Buczek v. Bruce*, No. 09-CV-1129S, 2011 WL 1899769, at *5 (W.D.N.Y. May 19, 2011) (dismissing, *inter*

5

*alia*, plaintiff's claims pursuant to 18 U.S.C. § 1918) (citing *Prof'l Air Traffic Controllers Org. (PATCO) v. U.S. Dept. of Treasury*, 529 F. Supp. 614, 616 (D.C. Minn.1982) (plaintiff has no standing to enforce criminal penalties under 18 U.S.C. § 1918); *Morgan*, 2022 WL 1571147, at *2 ("There is no private right of action [] under this federal criminal statute, 18 U.S.C. § 1341") (citing *Off. Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (noting that plaintiff "alleged the claim 'ar[ose] under the provisions of,' *inter alia,* the Mail Fraud Act, 18 U.S.C. §[] 1341 [], although the act do[es] not provide a private right of action"); *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) ("[T]here is no private cause of action under the federal mail fraud statutes.")). Accordingly, Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241, 242, 1918, and 1341, as well as New York Penal Law § 195.00 are not plausible, are frivolous, and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## II.   Eleventh Amendment Immunity

It is well-established that:

> [A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration and quotation marks omitted). "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." *Dubarry v. Capra*, No. 21-CV-5487, 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)).

*Murphy v. Spaulding*, No. 20-CV-9013 (KMK), 2022 WL 294552, at *4 (S.D.N.Y. Feb. 1, 2022); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). "This prohibition extends to the [official capacity] claims against the [] [Governor], as bringing a suit against a state employee in her official capacity 'effectively render[s]

[it] a suit against the State' itself.'" *Hall v. Salaway*, No. 20-CV-4651(GRB)(AKT), 2021 WL 826169, at *5 (E.D.N.Y. Mar. 3, 2021) (quoting *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013)) (add'l citation omitted). Given that New York state has not waived its Eleventh Amendment immunity, plaintiff's Section 1983 claims against NY State and Gov. Hochul in her official capacity are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

### III. Lack of Personal Involvement

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, an individual will not be held liable by virtue of his or her supervisory position alone. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, it is apparent that Plaintiff seeks to impose liability upon Gov. Hochul, Blakeman, O'Connell, and Meli solely because of the supervisory positions they hold. Indeed, Plaintiff alleges that "[a]s Governor of the Corporate State of New York, Kathy Hochul is responsible

7

(liable) for their subdivision, Municipality, Nassau County and their criminal activities." Compl., DE 1 at 7, ¶ 23. Further, Plaintiff alleges that Blakeman, "[a]s Executive Director of Nassau County . . . is responsible for overseeing and managing Nassau County day to day affairs. . . . [and that the NCTPVA] is run by Paul L. Meli." *Id.* at ¶ 23(A). Plaintiff also alleges that O'Connell "is custodian of Nassau County funds and financial record keeping . . . ." Apart from these allegations, there are no factual allegations of conduct or inaction attributable to any of these Defendants. Accordingly, because Plaintiff has not alleged their personal involvement, his Section 1983 claims against Gov. Hochul, Blakeman, Meli and O'Connell are not plausible and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### IV.  Lack of a Constitutional Deprivation

> Section 1983 provides that:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

Here, Plaintiff's Section 1983 claim is premised on his claimed deprivation of "due process of law under the Fifth Amendment." Compl., DE 1 at 3, ¶ 6. Given Plaintiff's *pro se* status, the Court liberally construes such claim as properly brought pursuant to the Fourteenth

8

Amendment. *See, e.g.*, *Jackson v. Wylie*, No. 22-CV-0139(MAD)(CFH), 2022 WL 2595318, at *2 (N.D.N.Y. July 8, 2022) ("As the Fifth Amendment provides due process protections against the actions of the federal government and its employees, claims against state employees and agencies do not give rise to a Fifth Amendment violation.") (citing U.S. Const. amend. V); *see also Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."); *Poe v. Ullman*, 367 U.S. 497, 540 (1961) (explaining that prohibitions "against the deprivation of life, liberty or property without due process of law" set forth in Fourteenth Amendment are applicable to state government and same prohibitions in Fifth Amendment are applicable to "the Federal Government"); *Marvin v. Peldunas*, No. 21-CV-1824. 2022 WL 2125851, at *1 (2d Cir. June 14, 2022) ("The Fifth Amendment's Due Process Clause states that no person shall "be deprived of life, liberty, or property, without due process of law," and the Fourteenth Amendment's Due Process Clause mirrors this language. U.S. Const. amends. V, XIV § 1.").

To plausibly state a claim under Section 1983 for denial of procedural due process, a plaintiff must allege both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Procedural due process generally requires, at a minimum, that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Here, as Plaintiff acknowledges, he "received several notices in the mail from Nassau County, NY Red Light Camera Division to

appear at [the] Nassau County Traffic & Parking Violations Agency" and that "Plaintiff did not show up." Compl., DE 1 at 3, ¶ 5. Indeed, Plaintiff has annexed to his complaint copies of the notice he received apprising him of the hearing date, including the consequence of nonappearance. *See* Compl., DE 1, at Ex. A. Further, Plaintiff received a copy of the "Hearing Notice of Determination", which he apparently intentionally ignored, and then a "Delinquent Notice of Liability" followed. *Id*. Plaintiff then received a "Final Notice – Unpaid Notice of Liability" which he also ignored. *Id*. As is readily apparent, Plaintiff was afforded multiple opportunities to appear and elected to forego his opportunities to be heard after receiving notice. Thus, Plaintiff has not plausibly alleged a procedural due process claim and it is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[3]

"To bring a substantive due process claim, a plaintiff must plead (1) the deprivation of a constitutional right, and (2) state action that 'was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Carter v. Campanelli*, No. 22-CV-2702(AMD)(LB), 2022 WL 1667022, at *2 (E.D.N.Y. May 25, 2022) (quoting *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) (*add'l* citation omitted)). Here, Plaintiff's conclusory allegations do not satisfy either prong. *See* Compl. DE 1, *in toto*. Even affording the *pro se* complaint a liberal construction, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), there are simply no facts from which the Court could reasonably find Plaintiff has been deprived of any constitutional right nor that any alleged state action shocks the contemporary conscience. Thus, Plaintiff has not plausibly alleged

---

[3] Moreover, deprivation of property by a state actor will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available." *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (dismissing deprivation of property claim under § 1983 because other state remedies were available)).

a substantive due process claim either. In the absence of any constitutional deprivation, Plaintiff's Section 1983 claim fails as a matter of law and is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[4]

V. **Plaintiff Fails to State a Claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO")**

The federal RICO statute provides a private right of action to "[a]ny person injured in his business or property by reason of a violation of section 1962" of the RICO Act. 18 U.S.C. § 1964(c). To state a plausible RICO claim, a plaintiff must allege:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.

*Williams v. Affinion Grp.*, LLC, 889 F.3d 116, 123-24 (2d Cir. 2018) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)); *see* 18 U.S.C. § 1962(a)-(c). Because "'the core of a RICO civil conspiracy is an agreement to commit predicate [RICO] acts,' such a complaint, 'at the very least, must allege specifically such an agreement.'" *Wolhendler v. Goldberg*, No. 19-CV-0457, 2020 WL 5658790, *2 (E.D.N.Y. Sept. 23, 2020) (quoting *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 230 (E.D.N.Y. 2014)). Thus, "a RICO conspiracy claim will be dismissed where the plaintiff alleges no facts to show specifically that the defendants had any meeting of the minds in the alleged violations." *Id.* (internal quotation marks and citation omitted). "Conclusory allegations that the defendants 'agreed to commit' the

---

[4] As such, any Section 1983 claim against Nassau County is likewise dismissed. *Marvin v. Peldunas*, No. 21-CV-1824, 2022 WL 2125851, at *2 (2d Cir. June 14, 2022) ("[T]here is no municipal liability where, as here, there is no underlying violation.") (citing *Matican v. City of New York*, 524 F.3d 151, 154 (2d. Cir. 2008)).

11

violations are insufficient." *Id*. (quoting *F.D. Prop. Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp. 2d 362, 373-74 (E.D.N.Y. 2002)).

Under no possible interpretation of the facts has Plaintiff plausibly alleged any predicate acts, much less a pattern of RICO activity, nor does he sufficiently allege the existence of a RICO enterprise that affects interstate or foreign commerce. *See* Compl., DE 1 *in toto*. Further, wholly absent are any factual allegations from which the Court could reasonably construe an agreement among the Defendants to commit RICO violations. Rather, Plaintiff alleges, in conclusory fashion, that the Defendants all conspired against him. *See* Compl., DE 1 at 4, ¶¶ 7(A), 24-25. Accordingly, Plaintiff's RICO claim is not plausible and is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## CONCLUSION

Based on the foregoing, Plaintiff's renewed application to proceed IFP is granted. However, the complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B). More specifically, Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241, 242, and 1341 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's remaining claims against are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court is respectfully requested to enter judgment accordingly and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also respectfully directed to serve a copy of this order to Plaintiff at his address of record and to note such service on the docket.

**SO ORDERED**.

/s/ Gary R. Brown

_____
**Hon. Gary R. Brown**
**United States District Judge**

Dated:  August 10, 2022
        Central Islip, New York